```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Jerry Welty,                          :

      Plaintiff,                  :

    v.                                :         Case No.  2:12-cv-776

                                            :         JUDGE GREGORY L. FROST
Commissioner of Social Security,      Magistrate Judge Kemp

      Defendant.                  :

## REPORT AND RECOMMENDATION

    Judgement was entered in this case on July 9, 2013, remanding the case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  Plaintiff subsequently sought and received an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412, in the amount of $6,334.07.

    On December 1, 2015, Plaintiff's counsel moved for an award of fees under 42 U.S.C. §406(b).  The Commissioner has not responded.  For the following reasons, it will be recommended that the motion be granted in part.

### I.  Legal Standard

    The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991).  Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged.  Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and

establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court.  Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997).  Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, in a case where the District Court awards benefits, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision.  Dearing v. Secretary of HHS, 815 F.2d 1082 (6th Cir. 1987).

## II.  Analysis

These are the details of counsel's fee application.  Counsel seeks an award of $18,167.03 to be paid from Plaintiff's benefits award, made after remand, plus the sum of $3,167.04 from the prior EAJA award, for a total of $21,334.07.  There is a 25% contingent fee contract in this case, and the amount requested is substantially less than 25% of the total benefits awarded.

Plaintiff signed an agreement which split the EAJA award with counsel.

According to the exhibits attached to the motion, counsel spent 34.25 hours rendering services to Plaintiff in this Court. The fee requested would compensate counsel at the rate of $622.89 per hour.  There is nothing in the record indicating what counsel's normal hourly rate is for non-social security work.  He has, according to his affidavit, represented plaintiffs in about 70 social security cases over the last 30 years.

Applying the factors set forth above, there is no indication that counsel did not perform satisfactorily or that the contingent fee agreement was not executed prior to the time that success was achieved.  The itemization of services does show, however, that some time was billed for what are more properly viewed as administrative, rather than legal, services - for example, activities associated with the physical filing of the complaint and downloading and printing the administrative record.  Counsel also spent 14.25 hours preparing the statement of errors and 13.25 hours preparing the reply brief; both amounts are high, but especially the time spent on the reply.  The determinative issue was not overly complex.  Taking all of these factors together, the Court concludes that the fee requested is excessive.

In another case involving the same counsel, this Court concluded that an award at an hourly rate of $360.00 was reasonable, and it reduced the amount of fees from the $26,049.43 which was requested to $12,780.00.  Lasley v. Comm'r of Social Security, 2013 WL 3900096 (S.D. Ohio July 29, 2013).  That decision was affirmed by the District Judge and also by the Court of Appeals.  Lasley v. Comm'r of Social Security, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), aff'd 771 F.3d 308 (6th Cir. Nov. 4, 2014).  The Court of Appeals acknowledged that this Court had, in

various decisions, determined that a "conservative" reasonable hourly rate for social security cases was between $165.00 and $180.00 and affirmed the Court's decision to use that information, the substantial delay in filing the fee petition, and the "relative simplicity" of the case as reasons to discount the fee request.  <u>See id</u>. at 310.

Here, there was also a substantial delay in filing the fee petition.  It was submitted more than fourteen months after the fully favorable decision of the ALJ.  Some Judges of this Court would conclude that the untimeliness of the fee application, by itself, might be grounds for denial.  <u>See, e.g., Short v. Comm'r of Social Security</u>, 2015 WL 4465189 (S.D. Ohio July 21, 2015), <u>alternative recommendation adopted</u> Case No. 1:12-cv-574 (S.D. Ohio July 21, 2015)(Doc. 25).  <u>Short</u> also reduced a fee request which, if granted, would have compensated the attorney in that case at the rate of $654.80 per hour, to $325.00 per hour, based upon factors similar to those employed in <u>Lasley</u>.  Other decisions from this Court support a somewhat higher rate, however.  <u>See, e.g., Davies v. Colvin</u>, 2015 WL 859564 (S.D. Ohio Feb. 27, 2015), <u>adopted and affirmed</u> 2015 WL 1291156 (S.D. Ohio March 18, 2015)(approving award compensating counsel at the rate of $500.00 per hour); <u>see also Havens v. Comm'r of Social Security</u>, 2014 WL 5308595 (S.D. Ohio Oct. 16, 2014), <u>adopted and affirmed</u> (2014 WL 6606342, S.D.Ohio, Nov. 20, 2014).  It is fair to point out that in <u>Havens</u> (a decision by this Magistrate Judge), there was evidence that counsel's usual hourly billing rate was $250.00, that attorneys with similar years of experience charged a much higher rate, and that counsel handled the matter efficiently – all of which is lacking in this case.

Here, a consideration of the case law and the relevant factors leads the Court to conclude that any award based on an hourly rate of more than $470.00 would be excessive.  The Court

-4-

is willing to assume that $180.00 is a reasonable rate for an attorney with counsel's experience in social security cases (which is, in this Court, average or below average for Plaintiff's counsel in such cases), so that the Hayes floor would be $360.00 per hour.  The Court is also willing to recognize that counsel appears to have gotten an excellent result, but, as noted above, the prosecution of this matter was not particularly efficient.  If the administrative time alone is subtracted, the effective rate at which counsel will be paid will exceed $500.00 per hour, and that does not take into account the large amount of time spent on the reply brief nor the relative simplicity of the case.  Delay is also a factor.  Consequently, the Court will recommend an award which, combined with the EAJA fee being retained by counsel, will provide compensation at the $470.00 hourly rate, or 2.5 times the presumptive hourly rate of $180.00. The fee calculation is as follows:

| | | |
|---|---|---|
| 34.25 hours @ $470.00 | = | $16,097.50 |
| Retained EAJA award | = | (3,167.04) |
| Amount to be awarded | = | $12,930.46 |

### III. Recommended Decision

For the above reasons, it is recommended that the motion for fees under §406(b) (Doc. 22) be granted to the extent that counsel be awarded the sum of $12,930.46, to be added to EAJA fees retained in the amount of $3,167.04.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge
